IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CORIANTE L. PIERCE,           )
                              )
                  Petitioner, )
                              )
          v.                  )     1:20CV712
                              )
SHERIFF CLARENCE F. BIRKHEAD, )
                              )
                  Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee in the Durham County Detention Center, submitted a petition and amended petition under 28 U.S.C. § 2241 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot further proceed:

I. Petitioner's claims are not clear, but it appears that Petitioner seeks to attack his pending state court criminal charges by challenging the admissibility of certain evidence under state and federal law. Intervention in state criminal matters can only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Petitioner does not currently set out facts sufficient to meet this standard, but rather attempts to essentially try his case to this Court by attacking the evidence and the State's case against him. Further, the Petition states that Petitioner did not exhaust state court remedies prior to filing this action. However, exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (1973). It also appears that Petitioner is asking this Court to rule on various pending evidentiary issues, but this Court is not part of the North Carolina court system, and cannot rule on pending cases from the state courts. If Petitioner has claims for this Court to consider under

the applicable standards, he should set them out clearly on the proper forms for further consideration by the Court.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow.

Petitioner also filed a Motion for Appointment of Counsel [Doc. #4] which will be denied in light of the above Recommendation, without prejudice to future consideration if Petitioner clarifies his claims on the proper forms.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. Petitioner's Motion for Appointment of Counsel [Doc. #4] is DENIED, and the Clerk is instructed to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 1st day of December, 2020.

                                                                               /s/ Joi Elizabeth Peake
                                                                                United States Magistrate Judge